UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| Henry A. Beckman, | ) | C/A No. 5:17-cv-2479-DCC |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| Warden Davis, Lieutenant Chestnut, Sergeant Wright, Ms. D. Albert, C. Frye, | ) | |
| Defendants. | ) | |

This matter is before the Court on Plaintiff's complaint alleging violations of civil rights pursuant to 42 U.S.C. § 1983. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings and a Report and Recommendation ("Report"). On December 6, 2017, the Magistrate Judge issued a Report recommending that the complaint be dismissed without issuance of service of process with respect to Defendants Warden Davis, Ms. D. Albert, and C. Frye and with respect to Plaintiff's claims that he was denied access to courts and was subjected to "ridicule and scorn." ECF No. 20. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. ECF No. 1. Plaintiff has filed no objections, and the time to do so has passed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is

made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The Court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

Dismissal of Plaintiff's denial of access to courts claim is appropriate because Plaintiff failed to allege an actual injury from the purported denial.  *See Lewis v. Casey*, 518 U.S. 343, 349–52 (1996) (finding that a plaintiff must allege a specific injury resulting from the alleged denial of access courts in order to state a claim).  Further, Plaintiff has failed to allege any plausible claim that his constitutional rights have been violated by Defendant's "ridicule and scorn."  *See Paul v. Davis*, 424 U.S. 693, 697–710 & n. 3–4 (1976) (holding that an alleged act of defamation is not actionable under § 1983) .  With respect to Plaintiff's claim against Warden Davis, Plaintiff has failed to allege sufficient facts to state a plausible claim that Warden Davis is subject to supervisory liability under § 1983.  *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (supervisory livability under § 1983 requires a showing "(1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,'; and (3) that there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." (citations omitted)).

After considering the record, the applicable law, and the Report, the Court finds no clear error and agrees with the Report's recommendation that the Complaint be dismissed without issuance of service of process with respect to Defendants Davis, Albert, and Frye[1] and that Plaintiff's claims for "ridicule and scorn" and denial of access to courts be dismissed.  This action remains pending against Defendants Lieutenant Chestnut and Sergeant Wright.  Accordingly, the Court adopts the Report by reference in this Order.  Defendants Davis, Albert, and Frye are DISMISSED without prejudice and without issuance of service of process.

IT IS SO ORDERED.

s/Donald C. Coggins, Jr.
United States District Judge

February 12, 2018
Spartanburg, South Carolina

---

[1] Plaintiff's only allegation against Defendant Albert is that she denied Plaintiff meaningful access to courts; similarly, Plaintiff's only allegation against Defendant Frye is that he engaged in "scorn and ridicule" of Plaintiff.  Because these claims are dismissed, there are no remaining allegations against Defendants Albert and Frye.